UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT A. FISHER and JESSE J. LaFOREST, individually and on behalf of others similarly situated, | Case No.  09CV10802 |
| Plaintiffs, | |
| v. | |
| MICHIGAN BELL TELEPHONE COMPANY, | Hon. Nancy G. Edmunds Mag. Judge R. Steven Whalen |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

## INTRODUCTION

Through the parties' motion, and exhibits attached hereto, the above-named Plaintiffs, individually and on behalf of the opt-in collective class members ("Plaintiffs"), and Defendant Michigan Bell Telephone Company ("Defendant"), seek approval of their settlement in this collective action for overtime compensation, brought under the Fair Labor Standards Act of 1938, 29 U.S.C.  § 201, *et. seq.* ("FLSA").  The parties respectfully submit that the terms of settlement are fair, reasonable, and resolve a *bona fide* dispute between the parties with respect to liability and damages.

## SUMMARY TIMELINE

A summary timeline of the settlement process is below:

| Event | Timing |
|---|---|
| Order Granting Joint Motion to File Stipulation of Settlement Filed Under Seal | (Dkt. 133.) |
| Joint Motion for Approval of FLSA Settlement Filed | Filed on October 29, 2010 |
| Period to Obtain Releases | 30-day period immediately after Order on Joint Motion for Approval of FLSA Settlement is entered |
| Dismissal of Action | Stipulation of Dismissal to be filed by parties immediately after close of 30-day Period to Obtain Releases; Order to be entered |

## DISCUSSION

## I.   HISTORY AND PROCEDURAL STATUS OF THIS CASE

### A.  The Parties' Claims and Defenses

On March 3, 2009, the named Plaintiffs Scott A. Fisher and Jessie J. LaForest ("named Plaintiffs") brought collective claims against Defendant under the FLSA, alleging that Defendant failed to pay them and other similarly situated individuals for all of their time worked.  (Dkt. 1.) The named Plaintiffs specifically alleged that they and other similarly situated individuals were required to log into computer applications without compensation prior to the beginning of their shifts as well as perform other uncompensated work after their shifts and during their unpaid lunch breaks.

Defendant has at all times denied the allegations asserted by Plaintiffs.  As set forth in Defendant's Answer and Affirmative Defenses, (Dkt. 7), it has been Defendant's position that, among other things, the Plaintiffs did not perform uncompensated work for Defendant, that

Defendant prohibits off-the-clock work, that the Plaintiffs are not similarly situated, that any off-the-clock work performed by the Plaintiffs is *de minimus* and thus not compensable.

### B.  Conditional Collective Class Certification

On June 11, 2009, Plaintiffs moved for conditional collective class certification, requesting permission to proceed as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and to provide notice of the litigation to all persons working in sales, service and in similar positions in Defendant's call centers who were not compensated for all their time worked.  (Dkt. 21)  On October 22, 2009 the Court granted Plaintiffs' motion, allowing Plaintiffs to proceed with other similarly situated employees and to send notice of the right to opt-in to the lawsuit to employees at Defendant's Consumer call centers in Detroit, Saginaw, Port Huron, and Kalamazoo, Michigan; a Small Business call center in Saginaw; a Business Winback call center in Saginaw; a Credit & Collections call center in Detroit; and a now-closed Consumer call center in Southfield, Michigan who worked in sales, service and similar positions in the prior three years.  (Dkt. 55.)  The parties later agreed to amend the Order for Conditional Certification to add Defendant's Wyoming, Michigan call center.   Including the named Plaintiffs, there are a total of 437 Plaintiffs involved in this case and one additional individual for whom an opt-in consent forms was not filed due to a clerical error, but who Defendant has agreed to include in the settlement.

### C.     Discovery

Before and after the date of the Court's Order conditionally certifying the collective class, the parties conducted substantial discovery.  Defendant produced thousands of pages of relevant documents, compensation records, electronic time-stamped data and email for Plaintiffs. Plaintiffs also produced relevant documents, and the parties engaged in written discovery.

Further, Plaintiffs' Counsel took corporate representative depositions pursuant to Fed. R. Civ. P. 30(b)(6) and deposed Defendant's call center managers. Defendant's counsel took the depositions of the named Plaintiff and 37 opt-in Plaintiffs.

The parties expended significant time and resources analyzing Defendant's time-stamped, electronic records and payroll data in preparation for the mediation.

### D.       Motion Practice

During the pendency of this litigation, the parties also engaged in motion practice. Soon after conditional certification, Plaintiffs brought a motion for a protective order, requesting that discovery proceed on a representative basis. (Dkt. 23.)   After the Motion was fully briefed, the parties reached a resolution on the matter and entered a Stipulation accordingly. (Dkt. 31.)

## II.    HISTORY OF SETTLEMENT

The parties have conducted arm's-length negotiations to settle the claims asserted by the Plaintiffs. The parties engaged David Rotman of Gregorio, Haldeman, Piazza, Rotman, Frank & Feder, a mediator experienced with FLSA litigation, and attended a mediation session on October 4, 2010, in San Francisco, California. At the mediation, the parties reached a complete settlement as to all claims by the Plaintiffs. The terms of that agreement are contained in the Joint Stipulation of Settlement, filed under seal contemporaneously herewith. (See Exhibit 1).

The parties have engaged a settlement administrator who is prepared to mail to each Plaintiff a Notice of Settlement advising that the lawsuit has been settled, the amount he or she would be paid under the terms of the settlement if he or she timely responds, and the Release of Claims to be executed as a condition of receiving settlement funds. Following distribution of the Notice of Settlement, Plaintiffs will have thirty days in which to accept or reject the settlement. Throughout this period, Plaintiffs' Counsel will work with the settlement administrator to obtain

a timely response from each eligible opt-in in response to the Notice of Settlement.  The Joint

Stipulation of Settlement describes the contingencies for Plaintiffs who fail to respond or who

reject the settlement offer.

Following the thirty-day period in which Plaintiffs may accept or reject the settlement,

the parties will file a Stipulation of Dismissal, requesting that, consistent with the parties' Joint

Stipulation of Settlement the accepting Plaintiffs' claims be dismissed with prejudice and any

non-responding or rejecting Plaintiffs' claims be dismissed without prejudice.  The parties have

set these deadlines with the goal of providing settlement payments to participating Plaintiffs in

2010.[1]

**III.    THE PROPOSED SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF THE PARTIES' CLAIMS AND DEFENSES**

Court approval is required to settle a FLSA collective action.  Lynn's Food Stores, Inc. v.

United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  Under the FLSA, employees may settle

their claims if the parties agree on the terms, the court approves the settlement as "a fair and

reasonable resolution of a bona fide dispute over FLSA provisions," and the settlement is entered

as stipulated judgment.  Id. at 1353, 1355.

In the Sixth Circuit, there are seven factors the Court uses in determining whether a class

action settlement is fair, reasonable, and adequate:  (1) the risk of fraud or collusion; (2) the

complexity, expense, and likely duration of litigation; (3) the amount of discovery engaged in by

---

[1] The parties believe that it is in the best interest of the Plaintiffs to receive settlement payments and tax reporting documents this year.  If that does not occur, settlement administration costs will increase, and the distributions to the Plaintiffs would decrease, for the following reasons: tax reporting documents would have to be mailed separately from settlement checks; many Plaintiffs will likely move before 2011 tax reporting documents are mailed, thus further increasing costs of returned mail and additional mailings; and the settlement administrator will have to keep the settlement account open for an extra year.  For all of these reasons, and because of the time-value of money, the parties respectfully request that, if possible, this settlement be approved this year.

the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.  Crawford v. Lexington-Fayette Urban County Gov't, 2008 WL 4724499, at * 2 (E.D. Ky. Oct 23, 2008). The Court may choose which factors are the most relevant based on the settlement at hand and the demands of the case.  Redington v. Goodyear Tire & Rubber Co., 2008 WL 3981461, at * 11 (N.D. Ohio Aug. 22, 2008).  There is a strong presumption in favor of settlement agreements and they are a preferred method of dispute resolution.  In Re Telectronics Pacing Systems, Inc., 137 F.Supp.2d 985, 1008 (S.D. Ohio 2001).

### A.     The Proposed Settlement is Fair and Reasonable.

The settlement was the product of arm's-length negotiations by experienced counsel.  It provides relief to the Plaintiffs, and eliminates the inherent risks both sides would bear if this complex litigation were to continue.  The parties participated in mediation with a qualified mediator, and that mediation process ultimately allowed the parties to obtain the settlement. Given these circumstances, a presumption of fairness should attach to the proposed settlement. See Lynn's Food Stores, Inc., 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness); see also In re BankAmerica Corp. Securities Litig., 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and awards of litigation; a presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.").

Consideration of several additional relevant factors confirms that the proposed settlement is fair and reasonable.  First, the complexity, expense, and likely duration of the litigation weighs

heavily in favor of finding that the settlement is fair and reasonable.  Should this matter have continued, the parties would have completed discovery, Defendant would have brought a motion for decertification, and the parties would have brought dispositive motions on at least the following issues: (1) whether Defendant had knowledge of the Plaintiffs' alleged off-the-clock work, (2) whether Defendant willfully violated the FLSA; and (3) whether the amount of uncompensated work performed by the Plaintiffs' was *de minimus*.  Following the resolution of those issues, the matter would have potentially proceeded to an expensive, lengthy jury trial, with risks to both sides, as well as likely appeals and post-trial motions.  While a number of issues remain unresolved in this litigation, the discovery conducted thus far has enabled counsel for the parties to assess the respective strengths and weaknesses of their case and reach the conclusion that settlement under the terms set forth herein is in the parties' best interest.

Plaintiffs' counsel has gained a comprehensive knowledge of the facts and legal issues relating to the respective claims and defenses and has ample evidence on which to base an informed assessment of the proposed settlement.  Based on their knowledge of the case and the applicable law, as well as records produced by Defendant, Plaintiffs' counsel believes the settlement is fair, reasonable and adequate.  Courts are permitted to give the opinion of Plaintiff's counsel substantial deference in approving settlement agreements.  See, e.g., Manners v. Am. Gen. Life Ins. Co., 1999 WL 33581944, at * 27 (M.D. Tenn. Aug. 11, 1999).  Indeed, the final settlement amount was the product of good-faith negotiations between the parties at mediation, and the settlement amounts for each Plaintiff vary based on employment duration within the statute of limitations, each Plaintiff's time and payroll records, and involvement in the case.

Lastly, Plaintiffs' counsel's attorney's fees and costs are reasonable because the issues here are complex, and the parties engaged in contentious litigation for approximately one and a half years before they agreed upon a resolution.  Moreover, the opt-in collective class members bore a significant risk of no recovery in this case if Defendant were to prevail on the merits. Plaintiffs' counsel expended a considerable amount of resources in motion practice, discovery, and an analysis of each of the Plaintiffs' individual claims.   Finally, collective class members in this case agreed to be represented by Plaintiffs' counsel on a contingency basis, and the fees and costs for attorneys' fees reflect the terms of that agreement.  Again, Courts should consider the "overriding public interest in favor of settlement of class action lawsuits." Whitford v. First Nationwide Bank, 147 F.R.D. 135, 143 (W.D. Ky. 1992).   Accordingly, the Court should approve the proposed settlement because it is fair, reasonable, and resolves a *bona fide* dispute between the parties.

### B.      A *Bona Fide* Dispute Between The Parties Existed Over FLSA Coverage

Plaintiffs alleged that Defendant violated the FLSA because it failed to pay Plaintiffs for time worked before their shifts, after their shifts and during their lunch breaks.  Defendant, on the other hand, argued that Plaintiffs did not perform work off-the-clock, denied that any work performed was compensable, and denied that Plaintiffs were similarly situated under the FLSA.

If Plaintiffs' ultimately prevailed, Defendant would be faced with the prospect of a significant monetary verdict in favor of the named Plaintiffs and the opt-in collective class, as well as the obligation to pay litigation fees and costs.   If Defendant ultimately prevailed, Plaintiffs faced dismissal of their claims and no recovery of any kind.  Counsel for the parties agree that either outcome was possible in this action, particularly given that some issues likely

8

would have required resolution by a jury.  Accordingly, the Court should conclude that a *bona fide* dispute between the parties existed.

## CONCLUSION

This FLSA collective action settlement is a product of an arm's-length negotiation between counsel and resolves a *bona fide* dispute between the parties.  After engaging in lengthy discovery and a thorough analysis of relevant information, the parties resolved the issues between them in mediation before an experienced mediator.  The settlement is fair, reasonable and adequate, and provides Plaintiffs' monetary relief for their claims.  For these reasons, and those set forth above, the Court should grant the motion for settlement approval.  Additionally, the parties respectfully request that the Court promptly enter an Order on the parties' Stipulation of Dismissal, which will be filed immediately following the thirty-day period in which Plaintiffs may accept or reject the settlement, so that the accepting Plaintiffs' claims may be dismissed with prejudice, any non-responding or rejecting Plaintiffs' claims may be dismissed without prejudice, and this matter may be closed and removed from the Court's docket.

Respectfully submitted, this 29th day of October, 2010.

By: */s/ Megan I. Brennan*      By: */s/ Leslie A. Dent*

| | |
|---|---|
| James H. Kaster, MN Bar #53946 | Leslie A. Dent, GA Bar #218566 |
| kaster@nka.com | lesliedent@paulhastings.com |
| Paul J. Lukas, MN Bar #22084X | Daniel P. Hart, GA Bar #141679 |
| lukas@nka.com | danielhart@paulhastings.com |
| Megan I. Brennan, MN Bar #0386550 | PAUL, HASTINGS, JANOFSKY & |
| mbrennan@nka.com | WALKER LLP |
| NICHOLS KASTER, PLLP | 600 Peachtree Street, N.E., Suite 2400 |
| 4600 IDS Center | Atlanta, GA  30308-2222 |
| 80 South Eighth Street | Tel: (404) 815-2400 |
| Minneapolis, MN  55402 | Fax: (404) 815-2424 |
| Tel: (612) 256-3200 | |
| Fax: (612) 338-4878 | Albert Calille (P26819) |
| | Attorney for Michigan Bell Telephone |
| Maureen M. Crane (P58904) | Company |
| Pitt, McGehee, Palmer, Rivers & Golden, PC | 444 Michigan Avenue, Suite 1750 |
| 117 W. Fourth Street, Suite 200 | Detroit, MI 48226 |
| Royal Oak, MI 48067 | |
| Tel: (248) 398-9800 | |
| Fax: (248) 398-9804 | |
| | |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANT |
| | Michigan Bell Telephone Company |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

Scott A. Fisher and Jessie J. LaForest,
individually and on behalf of others
similarly situated,

                  Civil Action No.: 09-CV-10802

          Plaintiffs,        Honorable Nancy G. Edmunds
                  Magistrate Judge R. Steven Whalen

v.

Michigan Bell Telephone Company,

          Defendant.

## CERTIFICATE OF SERVICE

       I hereby certify that on October 29, 2010, I electronically filed the foregoing **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

                  Leslie A. Dent (lesliedent@paulhastings.com)
                  Daniel P. Hart (danielhart@paulhastings.com)
                  Albert Calille (ac2812@att.com)

                        */s/ Megan I. Brennan*
                        Counsel for Plaintiffs